FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 02 2017

JAMES W. McCORMACK, CLERK
By: _____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JASON BAKER and**                                                      **PLAINTIFFS**
**KELLY CHANDLER**

VS.                               No. 4:17-cv-____-BRW

**50 DOLLAR TOW, INC., and**    This case assigned to District Judge _Wilson_ **DEFENDANTS**
**ROBERT SHAWN HALL**    and to Magistrate Judge _Volpe_

## ORIGINAL COMPLAINT

COME NOW Plaintiffs Jason Baker ("Baker") and Kelley Chandler ("Chandler") (collectively "Plaintiffs"), by and through their attorneys Dominique King and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint ("Complaint"), do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiffs against Defendants 50 Dollar Tow, Inc. ("50 Dollar Tow"), and Robert Shawn Hall ("Hall") (collectively "Defendants") for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiffs seek declaratory judgment; monetary damages; liquidated damages; prejudgment interest; costs; and a reasonable attorney's fee, as a result of Defendants' policy and practice of failing to pay Plaintiffs and other similarly situated

individuals proper overtime compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has pendent jurisdiction over Plaintiffs' AMWA claim pursuant to 28 U.S.C. § 1367(a).

5. A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiffs, within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff Jason Baker ("Baker") is an individual and resident of Mabelvale, Arkansas.

7. Plaintiff Kelley Chandler ("Chandler") is an individual and resident of Little Rock, Arkansas.

8. 50 Dollar Tow is an Arkansas for-profit corporation.

9. 50 Dollar Tow provides towing and roadside assistance services.

10. The registered agent of 50 Dollar Tow is Robert Shawn Hall, 14914 Chicot Road, Mabelvale, Arkansas 72103.

11. Hall is the President of 50 Dollar Tow.

12. Hall owns 50 Dollar Tow in whole or in part.

### IV. FACTUAL ALLEGATIONS

13. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. At all relevant times, 50 Dollar Tow employed four or more employees.

15. For some time during each of the three calendar years preceding the filing of this Complaint, 50 Dollar Tow employed at least two employees who handled goods that had been moved in interstate commerce, including, but not limited to, vehicles, towing equipment and accessories, tools, communication equipment, office supplies, and other goods necessary for the operation of a towing and roadside assistance business.

16. 50 Dollar Tow's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the calendar years during the relevant time.

17. Baker performed the duties of a tow-truck driver for 50 Dollar Tow from approximately November of 2015 through November of 2016.

18. Chandler performed the duties of a tow-truck driver for 50 Dollar Tow from approximately April of 2015 through August of 2016.

19. In the performance of their duties, each Plaintiff handled goods that had been moved in interstate commerce, such as vehicles, towing equipment and accessories, tools, communication equipment and other goods necessary for performing their duties.

20. 50 Dollar Tow directly hired each Plaintiff, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21. 50 Dollar Tow is a covered employer under the FLSA.

22. 50 Dollar Tow is a covered employer under the AMWA.

23. Each Plaintiff is a covered employee under the FLSA.

24. Each Plaintiff is a covered employee under the AMWA.

25. 50 Dollar Tow paid each Plaintiff hourly wages for their work.

26. Each Plaintiff performed their duties for more than forty hours in at least one workweek during their employment with 50 Dollar Tow.

27. Each Plaintiff regularly performed their duties for more than forty hours per week.

28. 50 Dollar Tow paid each Plaintiff straight time, or the equivalent of each Plaintiff's respective regular hourly rate, for all hours worked, including hours worked over forty per week. In other words, 50 Dollar Tow did not pay any of the Plaintiffs an overtime premium for any hours that any Plaintiff worked over forty hours per week in any workweek.

29. Neither Plaintiff ever drove over state lines for Defendants.

30. Neither Plaintiff ever had a reasonable expectation that he would be expected to cross state lines for Defendants.

31. Each Plaintiff drove, rode in, worked on, or otherwise handled trucks weighing less than 10,001 pounds in each workweek during the relevant time.

32. 50 Dollar Tow employed other individuals, including other drivers, who were paid an hourly wage; who worked more than forty hours in any workweek; who were not paid an overtime premium for all hours worked over forty per week; and whose work involved driving, riding in, working on, and/or handling vehicles weighing less than 10,001 pounds on a weekly basis.

33. Hall devised, implemented, or executed at least some policies or practices that related to Plaintiffs' terms and conditions of work, during the relevant time.

34. Hall hired Plaintiffs or at least had decisional authority over their hiring.

35. Hall hired and fired other employees who performed similar job duties to Plaintiffs.

36. Hall managed the day-to-day operations of 50 Dollar Tow during the relevant time.

37. Hall had ultimate authority over the day-to-day operations of 50 Dollar Tow during the relevant time.

38. Defendants knew or should have known of their obligation to pay Plaintiffs and other hourly-paid individuals one and one-half times their regular rate for all hours worked over forty per week.

## V. LEGAL ALLEGATIONS

39. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

### A. FLSA Overtime Violations

40. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty per week. 29 U.S.C.S. § 207 (LEXIS 2013).

41. Defendants failed to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

42. Defendants knew or should have known of their obligation to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

43. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for unpaid overtime wages, liquidated damages, pre-judgment interest, costs, and a reasonable attorney's fee as provided by the FLSA.

### B. AMWA Overtime Violations

44. Arkansas Code Annotated § 11-4-211 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

45. Defendants failed to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

46. Defendants knew or should have known of their obligation to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

47. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for unpaid overtime wages, liquidated damages, pre-judgment interest, costs, and a reasonable attorney's fee as provided by the AMWA.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Jason Baker and Kelley Chandler respectfully pray that Defendants each be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants' practices alleged herein violate the FLSA, the AMWA, and their relating regulations;

B. Judgment for damages for all unpaid overtime compensation under the FLSA, the AMWA, and their relating regulations;

C. Judgment for liquidated damages pursuant to the FLSA, the AMWA, and their relating regulations;

D. An order directing Defendants to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JASON BAKER and KELLEY CHANDLER, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: */s/ Dominique King*
Dominique King
Ark. Bar No. 2015178
dominique@sanfordlawfirm.com

and */s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com